UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| In re: | * | |
|---|---|---|
| | * | |
| JULIANA RIAHI, | * | Case No. 13-11487-RGM |
| | * | Chapter 7 |
| Debtor. | * | |
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | * * | |
| | * | |
| Movant, | * | |
| v. | * | |
| | * | |
| JULIANA RIAHI and DONALD F. KING, TRUSTEE, | * * | |
| | * | |
| Respondents. | * | |

## TRUSTEE'S ANSWER TO AMENDED MOTION FOR RELIEF FROM STAY

DONALD F. KING, TRUSTEE, by counsel, files this answer to the amended motion (the "Motion") of First Tennessee Bank National Association (the "Bank") for relief from the automatic stay and states as follows:

1. The Trustee admits the allegations in paragraph 1 of the Motion.

2. The Trustee admits the allegations in paragraph 2 of the Motion.

3. The Trustee admits the allegations in paragraph 3 of the Motion.

4. The Trustee has insufficient information to admit or deny the allegations in paragraph 4 and requires strict proof of such allegations.

5. The Trustee has insufficient information to admit or deny the allegations in paragraph 5 and requires strict proof of such allegations.

---

JAMES W. REYNOLDS, ESQUIRE, VSB NO. 33226
Counsel for Donald F. King, Trustee
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Direct: 703-218-2134
Fax: 703-218-2160
E-Mail: jim.reynolds@ofplaw.com

6. The Trustee has insufficient information to admit or deny the allegations in paragraph 6 and requires strict proof of such allegations.

7. The Trustee denies the allegations in paragraph 7. By way of further answer, the Trustee believes there is sufficient equity in the Property to protect the Bank's alleged interests. For example, the Debtor's schedule A provides that the Property has a value of $1,209,935.00. The schedules also show that First Horizon Home Loans has a first priority deed of trust in the amount of $681,283.00. Pursuant to its Motion, the Bank has a second priority deed of trust in the approximate amount of $135,100.00. This leaves a cushion of approximately $393,552.00 protecting the first and second deeds of trust.

There currently is a third priority deed of trust against the Property in the amount of $360,000.00 in favor of Malek Massoud Riahi. Upon information and belief, there are sufficient grounds for avoiding as a fraudulent conveyance or a preferential transfer this deed of trust. Accordingly the bankruptcy estate does have equity in the Property, and the Trustee should be given the opportunity to sell the Property for the benefit of creditors.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order denying the Bank's motion for relief from stay and for such other relief as this Court deems appropriate.

> Respectfully submitted,
> **Donald F. King, Trustee**
> By counsel

/s/James W. Reynolds
**James W. Reynolds, Esquire, VSB No. 33226
Counsel for Donald F. King, Trustee
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Direct: 703-218-2134
Fax: 703-218-2160
E-Mail: Jim.Reynolds@ofplaw.com**

## Certificate of Service

I hereby certify that on this 11th day of October, 2013, a copy of the Trustee's Answer to Amended Motion for Relief From Stay was sent electronically to Michael T. Freeman, Esquire, pursuant to this Court's applicable standing order.

/s/ James W. Reynolds
James W. Reynolds

#2207561v1  jwrpl-riahi response motion relief stay 31070/00001